# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SONIA VOU BOOKS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-1809 |
| | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court are plaintiff Sonia Vou Books, LLC's Rule 59(e) motion to alter or amend judgment and Rule 60(b) motion for relief from final judgment. Dkts. 8, 9. The court granted defendant BAC Home Loans Servicing, LP's unopposed motion to dismiss on June 13, 2011. Dkt. 7. In both its Rule 59(e) and Rule 60(b) motions, Sonia Vou Books' counsel asserts that she mistakenly placed the wrong due date for the response to the motion to dismiss on her personal calendar and, accordingly, inadvertently failed to oppose the motion to dismiss. Dkt. 8, 9. While the court accepts that counsel made an inadvertent scheduling error, Sonia Vou Books has failed to present a claim that could plausibly succeed at trial, overcome BAC's original motion to dismiss, and justify reopening the case. Therefore, after a review of both motions, response, reply, and the applicable law, both the Rule 59(e) and Rule 60(b) motions are **DENIED**.

## BACKGROUND

In July 2006, Israel and Bella Helprin executed two deeds of trust to secure two promissory notes of $104,000.00 each for the purchase of two condominium properties (3525 Sage, Units 805 and 905, Houston, Texas 77056). Dkt. 5, Exhs. A, B. According to the terms of both of the

Helprins' deeds of trust, Countrywide Bank, N.A. was the lender and Mortgage Electronic Registration Systems, Inc. (MERS) was the "nominee for the [l]ender and [l]ender's successors and assigns [and] the beneficiary under this Security Instrument."  Dkt. 5, Exhs. A at 3, B at 3.  The deeds of trust between the Helprins and Countrywide and MERS were recorded in the Harris County property records.  Dkt. 1, Exh. 3 at 4–5.

On November 10, 2010, the 3525 Sage condominium association conveyed by special warranty deeds title to condominium units 805 and 806 to Sonia Vou Books.  Dkt. 1, Exh. 3 at 3–6. Apparently, this conveyance took place at a foreclosure sale held by the condominium association. Dkt. 5 at 2.  Condominium units 805 and 806 were the same two properties to which the Helprins had previously executed deeds of trust empowering Countrywide and MERS to conduct a deed of trust sale in the event of their default on the promissory note.  Dkt. 5, Exhs. A at 3, B at 3.  In March 2011, MERS, the nominee and beneficiary under the Helprins' deeds of trust, assigned and transferred all beneficial interest in the properties to defendant BAC.  Dkt. 1, Exh. 3 at 18–19, 27–28.  In March 2011, BAC sent notice of substitute trustee sale to occur on May 3, 2011 to the property addresses.  Dkt. 1, Exh. 3 at 22–23, 29–30.

On April 27, 2011, Sonia Vou Books filed its original petition, application for temporary restraining order, and temporary and permanent injunction in the 151st District Court of Harris County, Texas.  Dkt. 1, Exh. 3 at 2.  In its original petition, Sonia Vou Books alleged wrongful foreclosure, negligence, private nuisance, right to declaratory judgment, and cloud on title resulting from BAC's pending deed of trust sale of the properties.  Dkt. 1, Exh. 3 at 6–9.  The state court granted the motion for a temporary restraining order, and BAC timely removed the case to this court.

On May 19, 2011, BAC filed a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted with respect to all of Sonia Vou Books' claims. Dkt. 5. Sonia Vou Books failed to file a timely response to BAC's motion to dismiss. Southern District of Texas Local Rule 7.4 treats a failure to respond to a motion as a representation of no opposition. S.D. Tex. Civ. R. 7.4. Therefore, the court treated BAC's motion to dismiss as unopposed, and after evaluating the motion, determined that Sonia Vou Books had failed to allege plausible facts showing that it was entitled to relief on any of its claims. Dkt. 7. Thus, on June 13, 2011, the court granted BAC's motion and entered final judgment dismissing Sonia Vou Books' claims with prejudice. Dkt. 7. On June 15, 2011, Sonia Vou Books filed a 59(e) motion to alter or amend judgment, and requested leave to file an amended complaint. On June 28, 2011, Sonia Vou Books filed a 60(b) motion for relief from final judgment. Dkt. 8, 9. The motions are now ripe for determination.

### STANDARD OF REVIEW UNDER RULE 59(E)

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' " *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Here, Sonia Vou Books' asserts that it wishes to amend its complaint, but does not attach a proposed amended complaint nor indicate what new facts would be alleged therein. A district court's analysis of a Rule 59(e) motion seeking leave to file an amended complaint after a final

3

judgment has been entered on the pleadings is governed by the factors used to determine whether leave to amend should be granted under Rule 15(a). *Rosenzweig*, 332 F.3d at 864. When a plaintiff fails to attach an amended complaint to its Rule 59(e) motion, it "leaves a district court to speculate as to how . . . seemingly redundant facts might amount to a legal claim", lending weight to an inference that granting leave to amend is a futile exercise. *Id.* at 865. Futility in this respect is gauged by the familiar standard under Rule 12(b)(6). *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). *Aschroft v. Iqbal* , ___ U.S.___, 129 S. Ct. 1937, 1949 (2009). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).

### STANDARD OF REVIEW RULE 60(B)

Rule 60(b) permits a court to relieve a party from a final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. FED. R. CIV. P. 60(B)(1), (6). "To merit relief, a party must show that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside." *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th

4

Cir. 1988); s*ee also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (reviewing the legal criteria for setting aside a default judgment based on a 60(b)(1) motion).

## ANALYSIS

Whether viewed under the post-judgment standards of Rule 59(e) and 60(b), or the standard applied by the court in ruling on the motion to dismiss pursuant to Rule 12(b)(6), a plausible claim for relief is necessary before a plaintiff may be entitled to relief.  In this case, the difficulty with pleading a plausible claim for relief is that Texas law clearly provides that a purchaser at a foreclosure sale takes the property subject to any properly filed lien.  *See Bank of America v. Babu*, 340 S.W.3d 917, 922–26 (Tex. App.—Dallas 2011) (rejecting good faith purchaser defense in title dispute because purchaser at foreclosure sale has constructive notice of properly recorded lien); *Henke v. First S. Props.*, 586 S.W.2d 617, 620 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.) ("One who bids upon property at a foreclosure sale does so at his peril.").  In its original petition, Sonia Vou Books raised four substantive legal claims: wrongful foreclosure, cloud on title, negligence, and private nuisance.  Dkt. 1.  BAC demonstrated through its motion to dismiss that Sonia Vou Books failed to allege facts setting forth plausible claims.[1]  Dkt. 5.

### 1.      Wrongful foreclosure and cloud on title.

The elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  *See Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (holding that the elements of wrongful foreclosure

---

[1]  In addition, because Sonia Vou Books' substantive legal claims cannot plausibly succeed under the facts alleged in this case, there is no basis for granting its requests for declaratory judgment and injunctive relief.

do not always require proof of a grossly inadequate selling price if another substantive injury to the mortgagor exists).  A wrongful foreclosure claim must include "evidence of irregularity [that] must have caused or contributed to cause the property to be sold for a grossly inadequate price." *Am. Sav. & Loan Ass'n of Houston v. Musick*,  531 S.W.2d 581, 587.  BAC argues, and the court agrees, that Sonia Vou Books' claim for wrongful foreclosure must fail because no foreclosure sale has yet taken place.  Further, the exhibits attached to the complaint establish that no contract existed between BAC and Sonia Vou Books to support a wrongful foreclosure or breach of contract claim.  Dkt. 1, Exh. 3.

Moreover, Sonia Vou Books' claim that BAC was required to show that it was the holder of the Helprins' promissory notes before proceeding with a deed of trust sale of the properties is not supported by Texas law.  *See Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165–166 (Tex. App.—Eastland 2010, pet denied) (holding that a nominee's authority under a deed of trust to appoint a mortgage servicer was sufficient to proceed with a non-judicial foreclosure sale); *Santarose v. Aurora Bank FSB*, No. H–10–720, 2010 WL 2232819, at *4–5 (S.D. Tex. June 2, 2010) (recognizing a nominee beneficiary's authority under a deed of trust to authorize a mortgage servicer to proceed with a non-judicial foreclosure sale); *see also Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3–09–CV–23–3–K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (alternatively holding that there is not a requirement under Texas law that a mortgage servicer show that it is a note holder before foreclosing on a property).  Sonia Vou Books' claim of cloud on title is premised on the erroneous legal theory that BAC must produce the original promissory note before it may proceed with a deed of trust sale.  Plaintiff has not stated a plausible claim of cloud on title.

2.     **Negligence and nuisance.**

Under Texas law, in order for a trustee to sell real property at a deed of trust sale, the trustee must comply with the notice requirements set forth in the deed of trust and the Texas Property Code. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983); *Nat'l Commerce Bank v. Stiehl*, 866 S.W.2d 706, 708 (Tex. App.—Houston [1st Dist.] 1993, no writ).  Under Texas Property Code section 51.002(b) and (d), a mortgage servicer must provide a debtor with both a default notice and a notice of trustee sale before proceeding with a trustee sale.  TEX. PROP. CODE. ANN § 51.002(b), (d) (West Supp. 2010).  As Sonia Vou Books was neither a debtor nor a party to BAC's deeds of trust, BAC did not owe Sonia Vou Books any duty of notice before proceeding with its deed of trust sale. Thus, as BAC did not owe any duty of care to Sonia Vou Books, Sonia Vou Books' negligence claim cannot survive.  *Wilhelm v. Flores*, 195 S.W.3d 96, 98 (Tex. 2006).

Finally, plaintiff's nuisance claim must also fail because it has not alleged facts showing that BAC's conduct interfered with or invaded its interest by conduct that was (1) negligent, (2) intentional or unreasonable, or (3) abnormal and out of place in its surroundings.  See *City of Tyler v. Likes*, 962 S.W.2d 489, 503 (Tex. 1997) (listing the three types of nuisance claims recognized by Texas courts).  In fact, BAC's intention to conduct a foreclosure sale is entirely consistent with its rights under Texas law.

### CONCLUSION

After consideration of the motions, the responses, and the applicable law, the court accepts counsel's representation that plaintiff's failure to respond to the motion to dismiss was inadvertent, but nonetheless concludes that plaintiff has failed to set forth a plausible claim for relief.  Thus, the Rule 59(e) motion (Dkt. 8) is **DENIED** because amendment would be futile, and the Rule 60(b) motion (Dkt. 9) is **DENIED** because plaintiff has failed to establish a fair probability of success on the merits.

It is so **ORDERED**.

Signed at Houston, Texas on August 5, 2011.

_____
Gray H. Miller
United States District Judge

8